IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| CLARENCE L. WHITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:12CV609–HEH |
| ) | |
| VIRGINIA DEPT CORRECTION, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**
**(Denying 28 U.S.C. § 2254 Petition)**

Clarence White, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions in the Circuit Court of the County of Stafford ("Circuit Court"). Respondent moved to dismiss on the grounds that, *inter alia*, the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. White responded. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

### A. Original Conviction and Appeal

The Circuit Court convicted White of driving under the influence of drugs or alcohol and driving while a habitual offender. White appealed. On September 17, 2010, the Supreme Court of Virginia refused White's petition for an appeal. *White v. Commonwealth*, No. 100418, at 1 (Va. Sept. 17, 2010). On November 19, 2010, the Supreme Court of Virginia refused White's petition for rehearing. *White v. Commonwealth*, No. 100418, at 1 (Va. Nov. 19, 2010).

### B. State Habeas

On May 11, 2011, White filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. Petition for Writ of Habeas Corpus at 1, *White v. Dir. of Dep't of Corr.*, No. 110891 (Va. filed May 11, 2011). On June 21, 2011, the Supreme Court of Virginia dismissed White's petition for a writ of habeas corpus. *White v. Dir. of Dep't of Corr.*, No. 110891 (Va. June 21, 2011).[1]

### C. § 2254 Petition

On August 13, 2012, White filed his § 2254 Petition with this Court. (§ 2254 Pet. 15.)[2] In the § 2254 Petition, White makes the following claims for relief:

| | |
|---|---|
| Claim One | White received ineffective assistance from counsel[3] because counsel failed to challenge the lawfulness of White's arrest and failed to alert the Circuit Court to errors in the Presentence Report. (*Id.* at 6.) |
| Claim Two | "Pre-sentence Report contains false convictions that were precented [sic] at sentencing." (*Id.* at 7.) |

---

[1] Prior to conclusion of his direct appeal, White filed a petition for a writ of habeas corpus with the Circuit Court. (Resp't's Br. Supp. Mot. Dismiss ¶ 4.) The Circuit Court dismissed that petition on January 11, 2010 and White failed to appeal that decision. (*Id.* ¶¶ 4–6.) Because the statute of limitations did not commence until after that date, *see infra* Part II.A., the petition for a writ of habeas corpus filed in the Circuit Court does not affect the analysis.

[2] The Court deems the petition filed on the date White swears he placed the petition in the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 276 (1988). The Court corrects the capitalization in the quotations to White's submissions.

[3] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

2

| | |
|---|---|
| Claim Three | "The officer fail[ed] to independently verify that White was driving reckless[s]ly—stop violated the Fourth Amendment.[4]" (*Id.* at 9.) |
| Claim Four | "Misconduct of the prosecutor to have witness seated in the courtroom during jury selection to be able to [identify] Defendant." (*Id.* at 11.) |

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year limitations period to file a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[4] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.

3

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A. Commencement of the Statute of Limitations

White's judgment became final for the purposes of the AEDPA on Thursday, February 17, 2011, the last day to file a petition for certiorari in the Supreme Court of the United States. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Sup.Ct. R. 13(1) (stating that a petition for certiorari should be filed within ninety days of the entry of judgment by state court of last resort or of the order denying discretionary review). The statute of limitation began to run the next day, February 18, 2011.

### B. The Running of the Statute of Limitations

The statute of limitations ran for eighty-two (82) days, from February 18, 2011 until May 11, 2011, when White filed his petition for a writ of habeas corpus with the Supreme Court of Virginia. *See* 28 U.S.C. § 2244(d)(2). Upon the dismissal of that petition on June 21, 2011, the statute of limitations commenced running again. The

statute of limitations ran for an additional 418 days until White filed his § 2254 Petition on August 13, 2012.

Thus, the one-year statute of limitations applicable to 28 U.S.C. § 2254 petitions bars White's § 2254 Petition unless White demonstrates entitlement to a belated commencement of limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or equitable tolling. Neither White nor the record suggests any circumstances that would warrant a belated commencement of the limitation period or equitable tolling. Accordingly, Respondent's Motion to Dismiss (ECF No. 5) will be granted. The petition for a writ of habeas corpus will be denied. The action will be dismissed. The Court denies a certificate of appealability.[5]

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: June 18, 2013
Richmond, Virginia

---

[5] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that White is entitled to further consideration in this matter.